## Corsino et al. v. Zoning Board of Adjustment

Before Lewis and Carroll, JJ.

*C. J. Todaro*, for appellants.

*George Coe Farrier*, for Zoning Board of Adjustment.

LEWIS and CARROLL, JJ., December 28, 1950.—This is an appeal from an order of the Zoning Board of Adjustment, dated December 2, 1950, granting a certifi-

cate of variance on the application of Michael S. Esposito, permitting him to erect a one-story garage addition to occupy the entire area of a plot of ground 14 feet by 50 feet, known as 917 Kimball Street, in the second ward of the City of Philadelphia.

The proposed one-story addition is to be incorporated in and used as a part of a commercial garage now owned and operated by the applicant at 910-14 Carpenter Street. The Carpenter Street garage property is zoned "A-Commercial", and the vacant lot proposed to be built over is zoned "D-1" Residential.

The order of the Zoning Board of Adjustment reverses the action of the Bureau of Engineering, Surveys and Zoning which refused to issue a permit for the erection of the proposed building. The final order of the Board was to permit the extension of the garage, with the proviso that there should be no entrance or exit from or into Kimball Street, which necessarily means that on Kimball Street line there would be a blank wall.

In the appeal, plaintiffs neighbors owning properties on Kimball Street, contended that the final order of the Zoning Board of Adjustment amounted to an abuse of discretion, and cited contrary action of the Board in refusing two similar previous requests. The third application was filed under date of July 31, 1950, and this was refused by the Bureau of Engineering, Surveys and Zoning on August 1, 1950, the reason given being that the application was for the extension of a garage located in a "A-Commercial District" into a "D-1 Residential District", whereas this is not permitted.

From the action of the Bureau on this third application, an appeal was taken to the Zoning Board on August 7, 1950, in which appeal applicant stated that he did not want to use or put a door in the building leading into Kimball Street. On October 2, 1950, the Zoning

Board sustained this appeal and granted the application with the proviso above referred to. The appeal to this court followed.

We have examined all of the record that was sent to us, and find that no testimony was taken at the hearing on this third or final application, and the only reason that we can discover for the reversal of attitude on the part of the Zoning Board of Adjustment is found in a typewritten memorandum dated October 2, 1950, signed in behalf of the Board by David M. Walker, secretary, in which the following appears:

"The Board finds that the premises are located in partly Class "A" Commercial and partly Class "D-1" Residential District; that the Zoning Ordinance requires a rear yard of 9 feet in depth and the applicant proposes to leave no rear yard; that the required open area is 1,320 square feet and the applicant proposes to leave no open area. The Board also finds that the extension of a commercial garage into a "D-1" Residential District is not permitted under the Zoning Ordinance."

"In view of the evidence presented at the public hearing and from personal inspection the Board is of the opinion that a permit for the proposed erection and a permit for the proposed use should be granted on condition that there shall be no entrance or exit from the Kimball Street frontage."

It will be seen that Mr. Walker's memorandum refers to "evidence presented at the public hearing", yet we have no transcript of any such evidence in the record sent to us, and, hence we are unable to ascertain the facts as developed at the public hearing referred to. It is true that the memorandum goes on to recite that a personal inspection made by the Board had an effect upon the opinion of the members and upon their conclusion that the permit should be granted.

To determine whether this final action of the Zoning Board of Adjustment was an abuse of discretion, we must have before us all of the evidence upon which the action of the Board was founded. If there was no public hearing on the final application and no testimony was offered, it would appear that the Zoning Board did abuse its discretion. In order that we may be assured an opportunity to consider all of the facts that were available to the Board, this record is referred back to the Zoning Board of Adjustment with the direction that a public hearing be held and testimony be taken and reduced to writing, and that the Board make findings of fact and conclusions based upon such evidence, after which an appeal can be again brought before us for disposition.